IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEWAYNE WESTER,**

    **Plaintiff,**

v.

**JOHN DOE 1,**
**JOHN DOE 2,**
**JOHN DOE 3,**
**JOHN DOE 4, and**
**JOHN DOE 5,**

    **Defendants.**

Case No. 23-cv-00918-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff DeWayne Wester, an inmate of the Illinois Department of Corrections who is currently incarcerated at Illinois River Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. This case was originally filed in the Central District of Illinois. In the Complaint, Plaintiff alleged that employees of Lawrence Correctional Center refused to allow him to use a restroom while he was transported from Lawrence Correctional Center ("Lawrence") to Illinois River Correctional Center ("Illinois River") resulting in Plaintiff urinating on himself on the bus. (Doc 1). Once at Illinois River, he was not provided access to a restroom until after a medical examination that occurred shortly after his arrival, and he urinated on himself again. The Central District found that the temporary denial of access to a toilet generally does not constitute a sufficiently serious deprivation for the purposes of the Eighth Amendment, and that as pled, Plaintiff had failed to state a constitutional claim. (Doc. 8). The Complaint was dismissed without prejudice, and Plaintiff was granted leave to amend.

  Plaintiff filed an amended complaint naming John Does 1-6 as defendants and again

alleging that he was denied access to a toilet or bucket while being transported between correctional facilities and upon his arrival at Illinois River. (Doc. 11). The Central District held that Plaintiff had failed to state a constitutional claim against John Doe 6, a lieutenant at Illinois River, and dismissed all claims as to this defendant. (Doc. 10). Because the remaining allegations were asserted against staff members of Lawrence, John Does 1-5, the Central District transferred those claims to this district.

The claims in the Amended Complaint alleged against Defendants John Does 1, 2, 3, 4, and 5 are now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. See 28 U.S.C. § 1915A(b).

## DISCUSSION

Plaintiff alleges that during a transport ride from Lawrence to Illinois River he was not allowed to use a toilet or other means to relieve himself for approximately 2 hours and 40 minutes, causing him to urinate on himself while on the bus. He states that being forced to hold his urine for that amount of time is sufficiently serious and constitutes an Eighth Amendment violation. While not allowing Plaintiff to use the restroom during the bus ride may have been contrary to regulations or policies of the Illinois Department of Corrections, the allegations do not state a claim for a constitutional violation.

"The lack of access to toilet facilities for a relatively short period of time has been held not sufficiently serious to state a claim of constitutional dimension." *Watford v. Ellis,* No. 16-cv-582-NJR, 2016 WL 5944444 at *2 (S.D. Ill. Oct. 13, 2016). *See, e.g., Harris v. Jones,* No. 20-1625, 2021 WL 4950248, at *2 (7th Cir. Oct. 25, 2021) (denial of access to a toilet for 40 minutes and then soap and clean underclothes for one day and a clean jumpsuit for three days after the plaintiff

urinated on himself did not amount to a constitutional deprivation); *Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Castro v. Atchison,* No. 13-cv-00303-JPG-PMF, 2015 WL 7184816 at *4 (S.D. Ill. Sept. 14, 2015) (inmate was denied a toilet for four hours and sat in his own urine for the three, while being transported from Menard to Lawrence, did not violate the Eighth Amendment); *Thomas v. Cox,* No. 10-cv-997-GPM, 2011 WL 3205660, at *3 (S.D. Ill. July 27, 2011) (inmate forced to share toilet with 90-100 other men resulting in lengthy wait to use the bathroom causing stomach pain and constipation did not state claim); *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment). Not being allowed to use restroom facilities for almost three hours is not "so objectively egregious as to rise to the level of a denial of the 'minimal civilized measure of life's necessities' that would create a substantial risk to his health." *Thomas,* at *3. Accordingly, Plaintiff has failed to state a claim against Defendants.

Because there are no claims that survive preliminary review, the Amended Complaint is dismissed. The Central District has already given Plaintiff an opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. At this point, the Court does not believe that additional allegations would cure the defects of his claims and finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

## DISPOSITION

For the reasons stated above, the Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty

days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The motion for status is **DENIED as moot** in light of this Order. (Doc. 20). The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 14, 2023**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**